IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATHANIEL HARBBERT,

    Petitioner,

v.

T. BOWSER,

    Respondent.

Case No. 2:17-cv-01932-HZ

OPINION AND ORDER

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Rape and Tampering With a Witness. For the reasons that follow, the Petition for Writ of Habeas Corpus (#10) is denied.

## BACKGROUND

Following a bench trial in Marion County in 2009, the Circuit Court found Petitioner guilty of two counts of Rape in the Second Degree and one count of Tampering With a Witness. As a result, the trial court sentenced him to 175 months in prison.

Petitioner took a direct appeal where his attorney filed a *Balfour* brief that did not raise any issues for appellate consideration.[1] Respondent's Exhibit 109. The Oregon Court of Appeals affirmed the trial court's decision without opinion. *State v. Harbert*, 243 Or. App. 644, 257 P.3d 432 (2011).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief on all of his claims. Respondent's Exhibit 142. The Oregon Court of Appeals affirmed the PCR court's decision in a written opinion, and the Oregon Supreme Court denied review. *Harbert v. Franke*, 284 Or.

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The represented party may then file a *pro se* Section B segment of the brief containing any assignments of error he wishes to raise. *Id* at 452. In this case, Petitioner did not include any claims in his Section B.

2 - OPINION AND ORDER

App. 374, 393 P.3d 243, rev. denied, 361 Or. 800, 400 P.3d 324 (2017).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on December 1, 2017, and the Court appointed the Federal Public Defender to represent him. With the assistance of counsel, Petitioner argues his Ground Two claim that trial counsel was constitutionally ineffective when he failed to limit impeachment evidence in conformance with applicable state laws. Respondent argues that the claim is procedurally defaulted, and that Petitioner is unable to excuse his default.

**DISCUSSION**

I. **Unargued Claims**

In his original Petition and Amended Petition, Petitioner raises five grounds for relief. With the assistance of appointed counsel, he chooses to argue his Ground Two claim pertaining to trial counsel's alleged failure to limit impeachment evidence at trial. Petitioner does not argue the merits of his remaining claims, nor does he address any of Respondent's arguments as to why relief on these claims should be denied. As such, Petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims).

II. **Failure to Limit Impeachment Evidence**

At issue in this case is Petitioner's contention that his trial attorney failed to grasp the evidentiary rules limiting impeachment by prior convictions and specific incidents of conduct. A petitioner seeking habeas relief must exhaust his

claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

Respondent argues that although Petitioner raised this claim to the PCR court, he failed to pursue it on appeal leaving it procedurally defaulted. Petitioner does not disagree that the claim is procedurally defaulted, but he contends that he can establish cause and prejudice to excuse the default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez*, the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." 566 U.S. at 8. It concluded, "Inadequate

4 – OPINION AND ORDER

assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

In order to establish cause to excuse his default pursuant to *Martinez*, Petitioner must show first that his underlying claim of ineffective assistance of trial counsel is substantial insofar as it has "some merit." Next, he must demonstrate that his PCR attorney was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to raise the claim. "[T]o fulfill this requirement, a petitioner must not only show that PCR counsel performed deficiently, but also that this prejudiced petitioner, i.e., that there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2017) (quotation omitted). Such a finding, of course, would necessarily require the Court to conclude that there is a reasonable probability that the trial-level ineffective assistance claim would have succeeded had it been raised. *Id.*

In this case, PCR counsel specifically raised the claim Petitioner argues here. In the PCR Petition, counsel provided:

> (3) Trial counsel allowed petitioner to be impeached as to specific incidents of conduct regarding character, allowed petitioner to be impeached on collateral issues via use of extraneous evidence, and allowed introduction of improper prior bad acts evidence, each without appropriate objection. This impermissible evidence was extremely damaging to petitioner's credibility, which was a central issue in the case, and was

5 - OPINION AND ORDER

> inadmissible under OEC 403 and 404, and 405.
> This improperly admitted evidence severely
> undercut the defense's theory that petitioner
> was truthfully denying the allegations
> underlying his criminal charges, and that the
> victim was fabricating these allegations.
> Pet.Exh.1, p. 259-272.

Respondent's Exhibit 113, p. 7.

Petitioner defaulted this claim when he failed to pursue it on appeal and, instead, pursued only an unrelated claim against direct appellate counsel pertaining to the jury waiver. Respondent's Exhibit 143. *Martinez* does not excuse a procedural default that occurs at the PCR appellate level, only one where a PCR attorney fails to present a claim at the initial-level PCR proceeding. 566 U.S. at 8.

Recognizing this, Petitioner claims that although PCR counsel raised the claim he argues here at the initial-level PCR proceeding, "the evidence to support the claim was not developed." Memo in Support (#23), p. 20. In *Martinez*, the Supreme Court was concerned with developing a mechanism whereby a court could excuse a failure to present a claim of ineffective assistance of trial counsel at an initial-level PCR proceeding because the failure to present such a claim directly causes a procedural default. Nowhere does *Martinez* instruct district courts to engage in a separate analysis of how strenuously PCR counsel argued such a claim that counsel did, in fact, raise and therefore preserve. *See Martinez*, 566 U.S. at 5, 12 (the proper formulation of the issue is "whether a federal habeas court may excuse a procedural default . . . when the claim was not properly **presented** in state court due to an attorney's errors"); ("To

**present** a claim of ineffective assistance at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney."); ("A prisoner's inability to **present** a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel.") (bold added).

PCR counsel presented the claim of ineffective assistance of trial counsel at issue in this case during Petitioner's initial-level PCR proceeding. This was all that *Martinez* required him to do if for no other reason than there was no default at that level to excuse under *Martinez*. Nevertheless, beyond the claim's presentation, counsel further directed the PCR court to the specific portion of the record that pertained to the claim, and also provided argument in support of the claim in Petitioner's Trial Memorandum. Respondent's Exhibit 114, pp. 10-11. Although Petitioner believes PCR counsel could have provided additional argument and evidentiary development during the PCR proceeding, *Martinez* does not extend beyond the question of whether a PCR attorney failed to present a substantial claim of ineffective assistance of trial counsel. Where PCR counsel presented the claim at issue, Petitioner fails to excuse his subsequent procedural default from his PCR appeal, and the Court finds an evidentiary hearing unwarranted.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#10) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner

has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 9th day of March, 2019.

Marco A. Hernandez
United States District Judge